# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $14,000.00 IN U.S. CURRENCY, et al.,<br><br>Defendants. | Case No. 1:24-cv-00140-SAB<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 18)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

On December 18, 2024, Plaintiff United States of America ("Plaintiff") filed a motion for default judgment in this civil forfeiture action. (ECF No. 18.) No opposition was filed. Pursuant to Local Rule 540(d) and 230(g), the Court finds that this matter is appropriate for adjudication upon the record and brief on file. For the reasons set forth below, the Court will recommend that Plaintiff's motion for default judgment be granted.

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or filed consent or declination of consent forms in this action. Pursuant to 28 U.S.C. §

636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall direct the Clerk of the Court to assign a district judge to this action and the Court shall issue findings and recommendations as to the pending motion to dismiss.

# I.

# BACKGROUND

This action is an in rem forfeiture action under 21 U.S.C. § 881(a)(6) relating to currency traceable to a violation of 21 U.S.C. § 841, et seq. (ECF No. 1, ¶ 11.)  The property named as a defendant in this action is Approximately $14,000.00 in U.S. Currency ("the Defendant Currency").  (Id. at ¶ 1.)  The Defendant Currency was seized on or about July 24, 2023, at a residence in Porterville, California ("the Porterville residence").  (Id. at ¶ 2.)  The Defendant Currency was seized during a search of the Porterville residence related to the arrest of Pedro Lopez Jr. for the possession of a controlled substance with intent to sell.  (Id. at ¶¶ 5, 6.)

On January 31, 2024, Plaintiff filed the complaint in this action.  (See Id.)  On March 14, 2024, a warrant for the arrest of the Defendant Currency was issued.  (ECF No. 7.)  The warrant was executed on May 17, 2024.  (ECF No. 8.)

Public notice of this action and the arrest of the Defendant Currency was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days. (ECF No. 4.)

Direct notice was mailed to Pedro Lopez Jr., Norma Williams, and Howard Miller et al. On April 12, 2024, Plaintiff mailed copies of the complaint, application for publication, order for publication, order regarding clerk's issuance of warrant for arrest, agent affidavit, warrant for arrest, order setting mandatory scheduling conference, and court notices to Pedro Lopez Jr. at the Porterville residence by first class mail and certified mail.  On April 15, 2024, Pedro Lopez Jr. signed the PS Form 3811 certified mail delivery card.  (ECF No. 18-1, pp. 1-2, 5-9.)[1]  On May 15, 2024, the U.S. Marshals Service personally served the above-listed documents on Pedro Lopez Jr. at the Porterville residence.  (ECF No. 18-1, pp. 2, 11.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    On April 12, 2024, Plaintiff mailed copies of the above-listed documents to Norma
2 Williams at the Porterville residence by first class mail and certified mail.  On April 15, 2024,
3 Pedro Lopez Jr. signed the respective PS Form 3811 certified mail delivery card.  (ECF No. 18-
4 1, pp. 2, 13-17.)  On May 15, 2024, the U.S. Marshals Service personally served the above-listed
5 documents on Norma Williams at the Porterville residence.  (ECF No. 18-1, pp. 2, 19.)
6    On April 22, 20244, Plaintiff mailed copies of the above-listed documents to Howard
7 Miller, et al., c/o Samuel Mitchell, Mitchell & Mitchell, located in Scottsdale, Arizona, by
8 certified mail.  Samuel Mitchell is co-counsel for Howard Miller, et al., a class that filed an
9 administrative claim to the Defendant Currency.  The certified package was returned to the
10 United States Attorney's Office unclaimed after two notices were left on May 1 and May 6,
11 2024.  (ECF No. 18-1, pp. 2, 21-27.)
12    On April 22, 20244, Plaintiff mailed copies of the above-listed documents to Howard
13 Miller, et al., c/o Michael Elsner, in Mt. Pleasant, South Carolina, by certified mail.  Michael
14 Elsner is co-counsel for Howard Miller, et al., a class that filed an administrative claim to the
15 Defendant Currency.  The PS Form 3811 certified mail delivery card was signed.  According to
16 USPS.com, the certified package was delivered to the front desk/reception/mail room at the
17 address at 12:09 p.m., on April 25, 2024, in Mt. Pleasant, South Carolina.  (ECF No. 18-1, pp. 2-
18 3, 29-33.)
19    Plaintiff now moves for default judgment against Pedro Lopez Jr., Norma Williams, and
20 Howard Miller, and the entry of a final judgment of forfeiture vesting all right, title, and interest
21 in the defendant currency to the United States.

**II.**

**LEGAL STANDARD**

24    A court has discretion to enter default judgment against a party after the clerk has entered
25 the party's default.  Fed. R. Civ. P. 55; see Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th
26 Cir.1980).  In exercising this discretion, a court may consider the following factors: (1) the
27 possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the
28 sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a

dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). In the context of an in rem forfeiture action, a court should also pay particular attention to the procedural requirements set forth by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"), and the District Court's Local Rules for Admiralty and In Rem Actions. See also United States v. $191,910.00, 16 F.3d 1051, 1069 (9th Cir.1994) (superseded on other grounds by statute) (explaining that because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules).

### III.

### DISCUSSION

#### A.   Sufficiency of the Complaint

Plaintiff contends that forfeiture is appropriate pursuant to 21 U.S.C. § 881(a)(6). Section 881(a)(6) states that currency traceable to an exchange of a controlled substance is subject to forfeiture to the United States. The Court finds that the complaint alleges sufficient facts to demonstrate that the Defendant Currency is subject to forfeiture because it is traceable to the illegal possession of and/or intent to distribute controlled substances. (ECF No. 1, ¶¶ 10, 11); see 21 U.S.C. § 841.

#### B.   Sufficiency of Notice

The sufficiency of notice in forfeiture actions is governed by the Local Rules and the Supplemental Rules. Local Rule 500(d) states that "Supplemental Rule G governs civil forfeiture actions." In turn, Supplemental Rule G(4) authorizes notice by publication on an official internet government forfeiture site for at least thirty (30) consecutive days. In this case, the Court finds that Plaintiff properly published notice at the official internet government forfeiture site (www.forfeiture.gov) for thirty consecutive days. (ECF No. 4.)

The Due Process Clause of the Fifth Amendment requires additional procedural safeguards where the owner of the property is known. U.S. v. Real Property, 135 F.3d 1312,

1315 (9th Cir. 1998). In such cases, "the Government must employ such notice 'as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'" Id., quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950). Supplemental Rule G(4)(b)(iii) provides:

> **(b)    Notice to Known Potential Claimants**
> ...
> **(iii)   Sending Notice.**
>
> **(A)**   The notice must be sent by means reasonably calculated to reach the potential claimant.
>
> **(B)**   Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
>
> \* \* \*
>
> **(D)**   Notice to a person arrested in connection with an offense giving rise to the forfeiture who is not incarcerated when notice is sent may be sent to the address that person last gave to the agency that arrested or released the person.

In this case, the Court finds that Plaintiff properly sent notice, via certified mail and personal service, to Pedro Lopez Jr. and Norma Williams. Regarding Howard Miller et al., the Court finds that Plaintiff properly sent notice via certified mail to co-counsel Michael Elsner, an attorney representing potential claimants with respect to the seizure of property. In sum, the Court finds Plaintiff's notices to be sufficient.

**C.    Entry of Default and Default Judgment**

The Supplemental Rules do not include any provisions relating to default and default judgments in forfeiture actions. However, Supplemental Rule A(2) provides that the Federal Rules of Civil Procedure apply "except to the extent that they are inconsistent with these Supplemental Rules." Fed. R. Civ. P. Supp. R. A(2), G(4)(b) & (5).

Federal Rule of Civil Procedure 55(a) authorizes the entry of default against a party who has failed to plead or otherwise defend. Obtaining a default judgment is a two-step procedure whereby a party first obtains entry of default pursuant to Rule 55(a) and thereafter applies to the

Court for an entry of default judgment pursuant to Rule 55(b).  See Eitel, 782 F.2d at 1471.  Plaintiff sought and obtained entry of default against Pedro Lopez Jr., Norma Williams, and Howard Miller.  (ECF No. 15.)

Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the Court for a default judgment.  In this case, the Court finds that Plaintiff properly sought and obtained entry of default and is entitled to entry of default judgment pursuant to Rule 55(b)(2).

Moreover, the discretionary factors set forth by the Ninth Circuit in Eitel also favor the granting of Plaintiff's motion for default judgment.  First, Plaintiff would be prejudiced by the denial of its motion because Plaintiff would otherwise have to expend additional time and effort litigating an action in which no claimants have appeared.  Second, Plaintiff's claims appear to have merit.  Third, as discussed above, Plaintiff has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint.  Fourth, the sum of money in dispute here is not substantial enough to warrant the denial of Plaintiff's motion.  Fifth, there are no genuine disputes as to any material fact.  Sixth, it does not appear that there is any risk of mistake or excusable neglect on the part of any party.  And seventh, although it is always preferable to decide a case on its merits, such is not practicable in this case where no claimant has appeared to oppose the United States' claims.  See United States v. Approximately $10,923.00 in U.S. Currency, No. 1:10-cv-00787 AWI JLT, 2010 WL 5279950, at *5 (E.D. Cal. Dec. 14, 2010), R&R adopted, 2011 WL 124646 (E.D. Cal. Jan. 14, 2011).

A successful plaintiff in an in rem forfeiture action is entitled to a judgment against the property, Waterloo Distilling Corp. v. U.S., 282 U.S. 577, 581 (1931), and the judgment affects the interests of all other persons in the property.  Hanson v. Denkla, 357 U.S. 235, 246 n.12 (1958); see Real Property, 135 F.3d at 1317.  In this case, the Court finds that Plaintiff is entitled to default judgment against the interests of Pedro Lopez Jr., Norma Williams, and Howard Miller, and all other persons with respect to the Defendant Currency, resulting in all right, title and interest in the Defendant Currency vesting in Plaintiff.

/ / /

/ / /

## IV.

## CONCLUSION AND RECOMMENDATIONS

In accordance with the foregoing, it is HEREBY ORDERED that the Clerk of the Court shall randomly assign this matter to a district judge.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff United States of America's December 18, 2024 motion for default judgment be GRANTED (ECF No. 18);

2. DEFAULT JUDGMENT be entered in favor of Plaintiff United States of America; and

3. JUDGMENT be entered forfeiting all right, title and interest in the Defendant Currency to the United States of America, to be disposed of according to law, including all right, title and interest of Pedro Lopez Jr., Norma Williams, and Howard Miller.

These findings and recommendations are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge